# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CHARLES NILGES,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **LIGHTFIRE PARTNERS LLC**, a Missouri company, *Defendant,* | Case No. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Charles Nilges ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant LightFire Partners LLC d/b/a Educa ("Defendant Educa" or "Educa") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded telemarketing calls without prior express written consent, including to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting

back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

3. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

4. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

5. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

6. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

7. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

8. According to an online robocall tracking service, 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

9. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018.  FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

10. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.

11. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).

## PARTIES

12. Plaintiff Charles Nilges is a resident of Biloxi, Mississippi.

13. Defendant LightFire Partners LLC is a Missouri registered corporation headquartered in Earth City, Missouri doing business as Educa. Educa conducts business throughout this District, and throughout the U.S.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

15. This Court has personal jurisdiction over the Defendant because the Defendant is headquartered in this District and because wrongful conduct giving rise to this case was directed from this District.

16. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District.

## COMMON ALLEGATIONS

17. Defendant LightFire Partners LLC (Educa) is a marketing company that markets home improvement and home services to consumers.

18. LightFire Partners LLC owns/operates the d/b/a Educa Products.[1]

19. Educa offers an online resource providing information and service quotes, including car insurance quotes for consumers.

20. Educa places outbound telemarketing calls to consumers nationwide to generate auto insurance quotes, as per Plaintiff's experience.

---

[1] https://educaproducts.com/terms-of-use-and-privacy-policy/

21. The express purpose of these calls is to solicit call recipients to get auto insurance quotes and to ultimately purchase auto insurance from one of Defendant's clients.

22. These calls use artificial and/or pre-recorded voices.

23. Neither Plaintiff nor the members of the proposed Classes ever provided the Defendant and/or its agents with prior express written consent to receive the telephone calls at issue.

24. The Defendant does not have any record of express written consent to place telemarketing calls, or calls featuring an artificial or pre-recorded voice, to Plaintiff or to members of the proposed Classes.

25. Educa employees have posted complaints online about making calls to consumers who do not want to be called.

> **"Ok until you find a better job"**
> 2.0 ★★ ☆☆☆  Former Employee - Education Advisor in Earth City, MO
>
> 🟥 Doesn't Recommend    🟨 Neutral Outlook
>
> I worked at LightFire Partners full-time for less than a year
>
> **Pros**
> Free food, prizes, competitions, paycheck
>
> **Cons**
> Management, <u>calling people who don't want to be called</u> [2]

---

[2] https://www.glassdoor.com/Reviews/LightFire-Partners-Reviews-E1754199.htm



## PLAINTIFF'S ALLEGATIONS

26.     Plaintiff registered his landline residential phone number on the DNC on July 6, 2003.

27.     Plaintiff uses his landline residential phone number for personal use only. It is not associated with a business.

28.     Plaintiff received a series of unsolicited telemarketing calls to his landline number in February of 2021.

29.     Plaintiff received unsolicited calls from Defendant Educa, from phone number 228-222-4029 on:

---

[3] *Id.*
[4] https://www.indeed.com/cmp/Lightfire-Partners-LLC/reviews

- February 4, 2021 at 11:46 AM;
- February 12, 2021 at 11:37 AM;
- February 16, 2021 at 9:04 AM, 11:05 AM, 1:18 PM, 3:35 PM
- February 17, 2021 at 8:55 AM
- February 18, 2021 at 2:44 PM
- February 23, 2021 at 12:33 PM

30. When Plaintiff answered calls from Educa, from phone number 228-222-4029, he heard a pre-recorded voice message regarding automotive insurance.

31. If the phone number 228-222-4029 is called back, an automated system identifies the company as Educa and directs the caller to press '1' to speak to a live employee. When '1' is pressed, a live employee comes on the line identifying the company as Educa.

32. At no time did Plaintiff provide prior express written consent to receive pre-recorded or other telemarketing calls from either Defendant.

33. The unauthorized telephone calls that Plaintiff received from Educa as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

34. Defendant Educa was and is aware that the above-described telephone calls were being made either by it directly, or made on its behalf, and that the telephone calls were being made to consumers who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) the Defendant or their agents calling on behalf of the Defendant called (2) using a pre-recorded voice message, (3) on their residential telephone number.

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Educa called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant Educa called Plaintiff, and (5) for whom the Defendant claims (a) it obtained prior express written consent in the same manner as the Defendant claims they supposedly obtained prior express written consent to call Plaintiff, or (b) they obtained the person's number in the same manner as the Defendant obtained the Plaintiff's number.

36. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

37. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

39. **Numerosity and Ascertainability**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is likely that the Defendant made telephone calls to thousands of consumers who fall into each of the Classes, such that individual joinder of all members is impracticable. Members of the Classes can be identified through the Defendant's records.

40. **Commonality:** There are many questions of law and fact common to the claims of Plaintiff and the Classes. Common questions for the Classes include the following:

    (a) whether the Defendant or an agent working on behalf of the Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

    (b) whether the Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the National Do Not Call Registry for at least 30 days at the time of each call;

    (c) whether the Defendant's conduct constitutes a violation of the TCPA;

    (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

42. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to

obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Pre-recorded Class)

43. Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them by reference herein.

44. The Defendant and/or its agents made unwanted solicitation telephone calls to Plaintiff and the other members of the Pre-recorded Class in an effort to sell goods and services.

45. These calls used artificial or pre-recorded voices.

46. These pre-recorded voice calls were made without the prior express written consent of Plaintiff and the other members of the Pre-recorded Class.

47. The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(1)(B). As a result of the Defendant's conduct, Plaintiff and the other members of the Pre-recorded Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Call Class)

48. Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them by reference herein.

49. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

51. The Defendant has violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Nilges and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52. The Defendant has violated 47 U.S.C. § 227(c)(5) because Plaintiff Nilges and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

53. As a result of the Defendant's conduct as alleged herein, Plaintiff Nilges and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54. To the extent the Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the Classes, prays for the following relief:

55. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

56. An award of actual and/or statutory damages and costs;

57. Enhanced damages for willful misconduct, up to treble the amount of statutory damages;

58. An award of attorney's fees;

59. An order declaring that the Defendant's actions, as set out above, violate the TCPA;

60. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

61. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

**CHARLES NILGES**, individually and on behalf of all others similarly situated,

DATED this 13th day of May, 2021.

By: /s/ Mark Dean
Mark Dean
Law Offices of Mark Dean, LLC
12747 Olive Blvd, Ste 300
St. Louis, MO 63141
Telephone: (314) 675-0000
Fax: (314) 272-6378
Mark@markdeanlaw.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*